NOT DESIGNATED FOR PUBLICATION

No. 115,532

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES FORREST,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Russell District Court; MIKE KEELEY, judge. Opinion filed June 2, 2017. Reversed and remanded with directions.

*John Shultz*, of Kansas Legal Services Bureau, Kansas Department of Revenue, for appellant.

No appearance by appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*:  The Kansas Department of Revenue appeals the Russell County District Court's decision to set aside the administrative suspension of James Forrest's driver's license. The Department took the action against Forrest based upon results of a breath test confirming his intoxication while operating a motor vehicle. The district court incorrectly placed the burden of proof on the Department rather than Forrest and improperly disregarded entirely Forrest's refusal to take a preliminary breath test. Those errors require that we reverse the district court's ruling and remand for further proceedings.

1

Given the issues on appeal, we need not burden our review with an extended factual or procedural history.

In October 2014, Russell Police Officer Travis Peck stopped Forrest after observing several driving errors. Peck noticed Forrest smelled of alcohol and slurred his words as he spoke. Forrest admitted to have been drinking. According to Peck, Forrest performed two field sobriety tests in a manner consistent with his being impaired. Peck asked Forrest to take a preliminary breath test; Forrest refused.

Peck then arrested Forrest and transported him to the police station. At the station, Peck duly informed Forrest about his rights and obligations with respect to the testing of the alcohol level in his blood. As part of that process, Peck read the DC-70 advisory to Forrest. Forrest consented to and took a breath test to measure his blood-alcohol level. The test result of .118 placed Forrest over the legal limit. See K.S.A. 2016 Supp. 8-1567(a)(2) (driver guilty of driving under the influence if his or her blood-alcohol level is .08 or more).

Based on the blood-alcohol test result, the Department suspended Forrest's driver's license. Forrest requested and received an administrative hearing in which the hearing officer upheld the suspension. As provided in K.S.A. 2016 Supp. 8-1020(o), Forrest sought judicial review of the suspension order. A district court conducts a trial de novo in evaluating the propriety of an administrative suspension of a person's license. K.S.A. 2016 Supp. 8-1020(p). And the suspended driver bears the burden of proving the Department's order should be set aside. K.S.A. 2016 Supp. 8-1020(q).

Forrest challenged the suspension on the basis Peck lacked "reasonable grounds" to believe he was under the influence of alcohol and, therefore, had no legal basis to arrest him and then to request a blood-alcohol test. See K.S.A. 2016 Supp. 8-1001(b)(1)(A). The reasonable grounds standard under K.S.A. 2016 Supp. 8-

2

1001(b)(1)(A) essentially replicates the evidentiary threshold required for probable cause to arrest. *State v. Declerck*, 49 Kan. App. 2d 908, 917, 317 P.3d 794, *rev. denied* 299 Kan. 1271 (2014). Sitting without a jury, the district court heard testimony and received other evidence on November 18, 2015. Peck was the only witness to testify. He did not recall some aspects of his encounter with Forrest, including the results of the field sobriety tests. Peck's contemporaneous report regarding Forrest's arrest was admitted as a past recollection recorded as to those particulars.

The district court reversed the administrative suspension of Forrest's driver's license in a memorandum decision issued February 18, 2016, because Peck did not have reasonable grounds to believe Forrest had been operating his vehicle under the influence. In its written ruling, the district court stated: "The burden is on the officer to show there was reasonable grounds to request the breath test, and . . . that burden was not met." The district court also expressly declined to consider Forrest's refusal to take the preliminary breath test in assessing whether Peck had reasonable grounds to proceed with the arrest and the later blood-alcohol test. The Department has appealed the district court's decision.

The two points we take up are questions of law, so we owe no deference to the district court's handling of them.

First, as we have indicated, the district court improperly placed the burden of proof on the Department to establish reasonable grounds for the arrest and testing. But K.S.A. 2016 Supp. 8-1020(q) places the burden on Forrest to prove the absence of reasonable grounds. See *Mitchell v. Kansas Dept. of Revenue*, 41 Kan. App. 2d 114, 122, 200 P.3d 496, *rev. denied* 289 Kan. 1279 (2009). That error in misplacing the burden of proof alone requires reversal.

Second, the district court declined to consider Forrest's refusal to take the preliminary breath test in determining whether Peck had reasonable grounds. The district court based the declination on a legal conclusion rather than an assessment of disputed facts. The district court reasoned that there was no showing the device Peck would have used to administer the preliminary breath test had been properly calibrated or that Forrest had been informed that he had no right to consult with a lawyer about the testing, that refusing would amount to a traffic infraction, and that he might be required to submit to further testing. See K.S.A. 2016 Supp. 8-1012(c) (outlining required notice for preliminary breath test).

Neither rationale holds up. Since Forrest didn't take the preliminary breath test, the calibration of the testing instrument, which was never used, is irrelevant. The operative evidentiary fact was Forrest's refusal itself. As to the other, K.S.A. 2016 Supp. 8-1012(c) provides that a law enforcement officer's failure to give the statutorily required information about the preliminary breath test to a driver "shall not be an issue or a defense in any action." So the district court could not have disregarded Forrest's refusal for that reason.

In short, the district court had no sound legal basis to ignore Forrest's refusal to take the preliminary breath test in assessing the evidence bearing on whether Peck had reasonable grounds to make the arrest and then to request a blood-alcohol test. This court has previously held that a law enforcement officer may draw a negative inference from a driver's refusal to take a preliminary breath test. That is, the refusal amounts to circumstantial evidence the driver knows he or she has been drinking and likely is sufficiently intoxicated that he or she will fail the test. The refusal, therefore, properly may be considered in a driver's license revocation proceeding as bearing on reasonable grounds. See *Chambers v. Kansas Dept. of Revenue*, No. 115,141, 2017 WL 1035442, at *5 (Kan. App. 2017) (unpublished opinion); *Wilkerson v. Kansas Dept. of Revenue*, No. 113,058, 2015 WL 6457801, at *3 (Kan. App. 2015) (unpublished opinion); *cf. Landram*

*v. Kansas Dept. of Revenue*, No. 104,790, 2012 WL 924803, at *8 (Kan. App. 2012) (unpublished opinion) (Atcheson, J., dissenting) (refusal to perform field sobriety tests may be considered as evidence driver knew he or she was sufficiently impaired that he or she would fail the tests), *rev. denied* 296 Kan. 1130 (2013). We express no opinion on other circumstances in which the refusal to take a preliminary breath test might be considered as evidence. Here, however, the district court erred in declining to consider Forrest's refusal at all.

Given those errors, the district court's conclusion is legally infirm and cannot be upheld. We, therefore, reverse the order finding the Department lacked legally sufficient grounds to suspend Forrest's driver's license and remand to the district court for further proceedings. On remand, the district court should reevaluate the trial evidence correctly placing the burden of proof on Forrest and according Forrest's refusal of the preliminary breath test such weight as may be appropriate in conjunction with the other evidence in determining whether Peck had reasonable grounds to believe Forrest was under the influence and thus subject to arrest and blood-alcohol testing.

Reversed and remanded with directions.